1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10  HUNG VIET VU,

11              Petitioner,              No. CIV S-07–495 MCE GGH P

12        vs.

13  RICHARD KIRKLAND, et al.,

14              Respondents.             FINDINGS AND RECOMMENDATIONS

15  _____/

16              Petitioner is a state prisoner proceeding through counsel with a petition for writ of

17  habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner challenges his 2004 conviction for

18  murder.  He is serving a sentence of life without the possibility of parole.  This action is

19  proceeding on the amended  petition filed April 11, 2008, as to the following claims: 1) the jury

20  instructions failed to define imperfect self-defense; 2) due process forbids firearm enhancement

21  in addition to special circumstance; 3) gang enhancements are not supported by substantial

22  evidence; 4) the drive-by shooting special circumstance is overbroad.

23              Pending before the court is respondent's July 2, 2008, motion to dismiss on

24  grounds that this action is barred by the statute of limitations.  On September 4, 2008, a hearing

25  was held regarding this motion.  After carefully considering the record, the court recommends

26  that the motion be denied.

1

1    The statute of limitations for federal habeas corpus petitions is set forth in 28

2  U.S.C. § 2244(d)(1):

3          A 1-year period of limitation shall apply to an application for a writ
           of habeas corpus by a person in custody pursuant to the judgment
4          of a State court.  The limitation period shall run from the latest of

5          (A) the date on which the judgment became final by the conclusion
           of direct review or the expiration of the time for seeking such
6          review;

7          (B) the date on which the impediment to filing an application
           created by State action in violation of the Constitution or laws of
8          the United States is removed, if the applicant was prevented from
           filing by such State action;
9
           (C) the date on which the constitutional right asserted was initially
10         recognized by the Supreme Court, if the right has been newly
           recognized by the Supreme Court and made retroactively
11         applicable to cases on collateral review; or

12         (D) the date on which the factual predicate of the claim or claims
           presented could have been discovered through the exercise of due
13         diligence.

14         On March 15, 2006, the California Supreme Court denied petitioner's petition for

15  review.  Respondent's lodged document no. 2.  Petitioner's conviction was final when the time

16  for filing a petition for writ of certiorari expired ninety days later on June 14, 2006.  Bowen v.

17  Roe, 188 F.3d 1157, 1159 (9th Cir. 1999).  Petitioner had one year from that date, i.e. until June

18  15, 2007, to file a timely federal petition.

19         Petitioner filed his original federal petition on March 14, 2007.  Respondent

20  argues that the court should not consider the original petition because it does not constitute a

21  proper petition because it contains no grounds for relief or facts in support of these grounds.

22  Respondent goes on to argue that the amended petition filed April 11, 2008, is untimely because

23  it cannot relate back to the original petition pursuant to Fed. R. Civ. P. 15(c) because the original

24  petition contains no grounds for relief.

25         The original petition indicated that on direct appeal in state court, petitioner raised

26  the four claims now raised in the amended petition and one additional claim.  Original Petition,

2

1    p.2, no. 9(f).  The original petition also stated that petitioner had filed no other petitions,

2    applications or motions concerning the at-issue conviction in any state court.  Id., p. 3, no. 10.  In

3    the section of the petition form asking petitioner to set forth ground one, petitioner wrote, "See

4    attachments setting forth all factual and legal grounds on which relief is sought.  State remedies

5    were exhausted on all grounds on which relief is sought."  Id., court file p. 5, no. 12.  The petition

6    contained no further discussion of any other claims.  No exhibits are attached to the amended

7    petition.

8          Although not a model of clarity, it is clear that the original petition intended to

9    raise all claims raised on direct appeal in state court, which were identified in the original

10   petition.  It also appears that petitioner meant to attach his state appellate briefing to the original

11   petition which described the claims in more detail but inadvertently failed to do so.

12         "Pro se petitioners may not be held to the same technical standards as litigants

13   represented by counsel."  Corjasso v. Ayers, 278 F.3d 874, 878 (9th Cir. 2002), citing Holiday v.

14   Johnston, 313 U.S. 342, 350, 61 S.Ct. 1015 (19410(pro se petition for habeas corpus "ought not

15   to be scrutinized with technical nicety"); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699

16   (9th Cir. 1990)("This court recognizes that it is has a duty to ensure that pro se litigants do not

17   lose their right to a hearing on the merits of their claim due to ignorance of technical procedural

18   requirements.").

19         Because the timely filed original petition adequately identified the claims on

20   which petitioner intended to proceed, now raised in the amended petition, albeit indirectly, this

21   action is not barred by the statute of limitations.  Accordingly, respondent's motion to dismiss

22   should be denied.

23         Accordingly, IT IS HEREBY RECOMMENDED that respondent's July 2, 2008,

24   motion to dismiss (# 26) be denied.

25         These findings and recommendations are submitted to the United States District

26   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

1  days after being served with these findings and recommendations, any party may file written

2  objections with the court and serve a copy on all parties.  Such a document should be captioned

3  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

4  shall be served and filed within ten days after service of the objections.  The parties are advised

5  that failure to file objections within the specified time may waive the right to appeal the District

6  Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

7  DATED: 09/15/08

8                                                    /s/ Gregory G. Hollows

9                                                    _____
                                                     UNITED STATES MAGISTRATE JUDGE

10

11  vu495.mtd

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

4