UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

HUNG VIET VU,                           No. 2:07-cv-00495-MCE-GGH P

      Petitioner,

  v.                                    MEMORANDUM AND ORDER

RICHARD KIRKLAND, et al.,

      Respondents.

----oo0oo----

Petitioner, *pro se* at the time of filing and now represented by counsel, seeks a Writ of Habeas Corpus from this Court pursuant to 28 U.S.C. § 2254.  This matter was referred to a magistrate judge under 28 U.S.C. § 636(b)(1)(B).

**BACKGROUND**

Petitioner is currently serving a term of life without the possibility of parole for his 2004 murder conviction.  On March 14, 2007, Petitioner filed his Original Petition for Writ of Habeas Corpus in this Court ("Original Petition").

1

In response to question 9(f), which inquired into the grounds of his direct appeal before the California Court of Appeal, Petitioner stated:

> (1) Jury instructions failed to define imperfect self-defense in violation of 5th and 6th Amendments
> (2) Due Process forbids firearm discharge enhancement in addition to special circumstance punishing same act with sentence of life without possibility of parole
> (3) Gang enhancements are not supported by evidence in violation of Due Process
> (4) Blakely/Booker challenge to denial of jury trial on aggravating sentencing factors
> (5) Drive-by shooting special circumstance is overbroad in violation of 5th, 8th, & 14th Amendments

Petitioner subsequently answered question 9(g)(6), which inquired into his appeal to the California Supreme Court, by incorporating by reference his answer to 9(f).

However, in response to the subsequent inquiry into the grounds of his Original Petition, Petitioner stated only:

> See Attachments setting forth all factual and legal grounds on which relief is sought.  State remedies were exhausted on all grounds on which relief is sought.

No further information was attached.  A few weeks later, on April 9, 2007, counsel was appointed for Petitioner, and his current counsel was then substituted as his attorney on April 24.

On May 9, 2007, Petitioner requested until July 8, 2007, to provide "either (1) a statement stating that petitioner will stand on the existing petition and memorandum of points and authorities; (2) an amended petition that will proceed on exhausted claims; or (3) an amended petition that identifies both exhausted and unexhausted claims, demonstrates good cause for having failed to exhaust state court remedies as to any claims, and expresses any intention to pursue unexhausted claims."  The Magistrate Judge granted his request.

2

On July 8, 2007, Petitioner made an identical request, which the magistrate judge again granted, this time to be filed by September 10, 2007. Nevertheless, in September, rather than providing a statement or an amended petition, Petitioner made a third request, which was again granted. Still, no statement or amendment was forthcoming.

An order to show cause as to why no filing had been made was subsequently entered and withdrawn. Petitioner then requested two more extensions. On April 11, 2008, over one year after he filed his Original Petition, and well after the expiration of the statute of limitations, Petitioner filed an Amended Petition.

On July 2, 2008, Respondents moved to dismiss that Amended Petition because it was filed after the expiration of the statute of limitations. Moreover, according to Respondents, the untimely Amended Petition could not relate back to the Original Petition because the first filing stated no cognizable claims.

The magistrate judge disagreed and, on September 15, 2008, issued his recommendation that Respondents' Motion to Dismiss be denied. Respondents timely objected.

**ANALYSIS**

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 72-304, this Court has conducted a *de novo* review of this case. The Court agrees with Respondents.

///
///
///

3

The magistrate judge's finding that the Original Petition "adequately identified the claims on which petitioner intended to proceed, now raised in the amended petition" is not supported by the record or proper analysis. The Court, therefore, will not adopt the findings or recommendations.

A petitioner has one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review," in which to file a federal Petition for a Writ of Habeas Corpus. 28 U.S.C. § 2244(d)(1)(A). However, a timely-filed petition may later be amended according to the Federal Rules of Civil Procedure. 28 U.S.C. § 2242. Federal Rule of Civil Procedure 15(c)(1)(B) provides that "[a]n amendment to a pleading relates back to the date of the original pleading when the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading."

Petitioner filed his Amended Petition after the expiration of the statute of limitations. Thus, in order for his filing to be considered timely, it must relate back to the Original Petition. The parties' current dispute turns on Petitioner's failure in his Original Petition to provide any factual or legal grounds supporting his claims for habeas relief.

Petitioner asserts that his status as a *pro se* litigant at the time of filing absolved him of the need to adhere to even the most basic of filing requirements under 28 U.S.C. § 2254.

///

///

4

However, this Court finds that Petitioner's initial *pro se* status cannot justify the inadequacy of a Petition so altogether lacking in substance.[1]

A proper habeas petition must contain a statement of the grounds for relief and the facts supporting each ground. See Rule 2(c) of the Rules Governing § 2254 Cases in the United States District Courts. The Supreme Court has elaborated on this rule:

> Under [Federal Rule of Civil Procedure] 8(a), applicable to ordinary civil proceedings, a complaint need only provide "fair notice of what the plaintiff's claim is and the grounds upon which it rests." Habeas Corpus Rule 2(c) is more demanding. It provides that the petition must "specify all the grounds for relief available to the petitioner" and "state the facts supporting each ground." Accordingly, the model form available to aid prisoners in filing their habeas petitions instructs in boldface:
>
> "**CAUTION**: **You must include in this petition all the grounds for relief from the conviction or sentence that you challenge. And you must state the facts that support each ground. If you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**"

///

---

[1] The Court notes that Petitioner's reliance on his *pro se* status is somewhat disingenuous since, after his original filing and prior to the expiration of the statute of limitations, he was appointed representation. Because Petitioner's state habeas proceedings tolled the running of the federal statute for a length of time not clear from the papers, the exact date of the expiration of the limitations period has not been decided. However, it is clear that at least once prior to the running of the statute, Petitioner's counsel sought permission to file a statement with the Court regarding Petitioner's intention to proceed on the Original Petition or to file an Amended Petition. Therefore, though Petitioner was proceeding *pro se* when he originally filed, upon the appointment of counsel there remained ample time to evaluate the Original Petition prior to the filing deadline. Such an evaluation should have illuminated the deficiencies in the Original Petition and allowed Petitioner to take the necessary steps to preserve his claims.

1  Mayle v. Felix, 545 U.S. 644, 655 (2005) (internal citations
2  omitted).
3     According to the Ninth Circuit, "[a] habeas corpus
4  petitioner is entitled to an evidentiary hearing if he has
5  alleged facts which, if proven, would entitle him to relief and
6  he did not receive a full and fair evidentiary hearing in a state
7  court.  Notice pleading is not sufficient, for the petition is
8  expected to state facts that point to a real possibility of
9  constitutional error."  O'Bremski v. Maass, 915 F.2d 418, 420
10 (9th Cir. 1990) (internal quotations and citations omitted).
11 Thus, "[i]t is well-settled that '[c]onclusory allegations which
12 are not supported by a statement of specific facts do not warrant
13 habeas relief.'"  Jones v. Gomez, 66 F.3d 199, 204 (9th Cir.
14 1995), quoting James v. Borg, 24 F.3d 20, 26 (9th Cir. 1994).
15     Nevertheless, "[t]his court recognizes that it has a duty to
16 ensure that *pro se* litigants do not lose their right to a hearing
17 on the merits of their claim due to ignorance of technical
18 procedural requirements.  Thus, for example, *pro se* pleadings are
19 liberally construed, particularly where civil rights claims are
20 involved."  Balistreri v. Pacifica Police Dept., 901 F.2d 696,
21 699 (9th Cir. 1990).
22     Accordingly, a *pro se* petition must be liberally construed
23 through the lens of the same legal standards applicable to all
24 litigants.  Therefore, even the most liberal construction does
25 not render wholly irrelevant the requirement that Petitioner
26 state the factual basis supporting the grounds of his requested
27 relief.
28 ///

1     Moreover, as a threshold matter, this Court finds it
2 significant that prisoners are not constitutionally entitled to
3 legal representation when filing habeas petitions.  See Bonin v.
4 Vasquez, 999 F.2d 425, 430 (9th Cir. 1993).  While prisoners
5 sentenced to death are statutorily entitled to counsel, and
6 counsel may be appointed in additional cases if "the interests of
7 justice so require," counsel is not otherwise mandated.
8 18 U.S.C. § 3599(a)(2); 18 U.S.C. § 3006A(a)(2)(B).  It follows
9 that a substantial number of habeas claims will likely be brought
10 by *pro se* litigants.  Yet, despite the propensity for petitions
11 to be filed *pro se*, Congress enacted a statute of limitations and
12 heightened pleading requirements, both of which Petitioner's
13 argument would render toothless.  Thus, adopting the magistrate
14 judge's findings and recommendations would, contrary to the will
15 of Congress, effectively permit *pro se* litigants to slide into
16 court under the one-year radar by waiting until the eleventh hour
17 to file vague petitions, which could later be modified by
18 amendment.  This Court cannot render a decision that so clearly
19 re-writes the law.
20     Additionally, the Court's decision is supported by the
21 applicable case law.  In Quintero v. Hernandez, a petitioner
22 "broadly allege[d] the [Board of Prison Terms] denied him equal
23 protection of the law when it denied him parole."  419 F. Supp.
24 2d 1209, 1217 (C.D. Cal. 2006).  The court determined those
25 allegations were insufficient to state a claim for habeas relief
26 because the "petitioner fail[ed] to allege either discriminatory
27 intent or to set forth any facts supporting his conclusory
28 claim."  Id.

Likewise, in this case, Petitioner's Original Petition is entirely devoid of factual allegations and, instead, inadequately alleges only conclusions of law.

On the contrary, in U.S. v. Sandoval-Lopez, a petitioner alleged, *inter alia*, that "Counsel failed to submit a notice of appeal. I asked him to but he never did and I did not discover this until the 10 day deadline was up-I do not understand English and had to find someone to interpret for me. By then I ran out of time to file." 409 F.3d 1193, 1195 (9th Cir. 2005). Despite the government's contentions that the petitioner failed to "allege specific facts, which if true, would entitle him to relief," the Ninth Circuit determined that the *pro se* allegations were factually sufficient to state a claim for habeas relief. Id. at 1198 (internal quotations omitted).

Sandoval-Lopez is much different from the case before this Court because the current Petitioner made absolutely no factual statements in his Original Petition. Instead, he merely reiterated the grounds for the relief he had sought in state court. Those statements, even if construed as habeas claims rather than merely as references to his state appeal, were legal conclusions unsupported by any facts. Thus, Petitioner's failure to meet basic pleading requirements cannot be saved by even the most liberal of constructions.

Finally, in Corjasso v. Ayers, the Ninth Circuit determined that "the district court erred in rejecting [a *pro se* petitioner's] petition on the ground that he had used a whited-out cover sheet from the wrong district." 278 F.3d 874, 878 (9th Cir. 2002).

8

"*Pro se* habeas petitioners may not be held to the same technical standards as litigants represented by counsel." Id.  The error in Corjasso was clearly a technicality, but Petitioner's current error was not nearly so innocuous.  Rather, this Petitioner failed to attach any substantive detail regarding either the facts or the legal grounds supporting his claims for relief. Thus, this Court can reach only one conclusion.  Petitioner's Original Petition failed to state any claim for relief and cannot sustain the relation-back of any claims in the Amended Complaint.

Accordingly, Respondents' Motion to Dismiss Petitioner's Amended Petition is granted because the Amended Petition was not timely filed and cannot relate back to the Original Petition, which itself adequately alleged no proper claims for habeas relief.

**CONCLUSION**

ACCORDINGLY, IT IS HEREBY ORDERED THAT:

1. The findings and recommendations filed September 15, 2008, are rejected in full;

2. Respondents' Motion to Dismiss, filed July 2, 2008, is GRANTED in its entirety.

IT IS SO ORDERED.

Dated: December 15, 2008

MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE